## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM SMITH, IDOC # K55219,    )
            )
        **Plaintiff,**    )
            )
**vs.**        )    **CIVIL NO. 10-721-GPM**
            )
**GREG SCHWARTZ, et al.,**    )
            )
        **Defendants.**    )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff William Smith, a prisoner in the custody of the Illinois Department of Corrections who currently is incarcerated in the Pinckneyville Correctional Center ("Pinckneyville"), brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by persons acting under color of state law. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A, which states, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Smith's operative complaint in this case (Doc. 14) and the documentation submitted by Smith in support thereof, Pinckneyville was put on lockdown from December 5, 2009, until January 13, 2010. Seven days into the lockdown, Smith began to make repeated requests to Defendants E. Minson and McDonald, who are guards at Pinckneyville, for permission to take a shower and for cleaning supplies and laundry service. Smith's requests were denied, whereupon Smith filed a grievance concerning the alleged denials of a shower, cleaning supplies, and clean laundry. Smith alleges that when Defendants Haul and Officer Gale, who are guards at Pinckneyville, learned about the grievance Smith had filed, they retaliated against Smith by continuing to deny him access to the shower, cleaning supplies, and laundry while the lockdown continued. Smith alleges also that Haul and Gale retaliated against him by refusing to give him grievance forms, loudly kicking the door of Smith's cell and slamming the food slot in the cell door during the night to deprive Smith of sleep, and interfering with Smith's ability to obtain medical care during the lockdown. According to Smith, as a result of being denied showers, cleaning supplies,

and clean laundry, his cell became filthy and infested with bugs and spiders, and Smith developed chronic itching, athlete's foot, chafing, peeling skin, and a painful rash on his buttocks. Smith claims violations of his rights under the First Amendment and the Eighth Amendment and seeks damages and declaratory relief. Named as Defendants in the case, in addition to Minson, McDonald, Haul, and Gale, are Greg Schwartz and Randy Davis, who allegedly were wardens at Pinckneyville at the times relevant to this case, T. Kisro, a grievance counselor at Pinckneyville, and K. Deen, a grievance officer at Pinckneyville.

As an initial matter, the Court notes that Smith's complaint is devoid of specific allegations linking Schwartz, Davis, Kisro, and Deen to violations of Smith's constitutional rights. However, 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). *See also Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)) ("The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"). Also, it is apparent to the Court that the manner in which Schwartz, Davis, Kisro, and Deen supposedly have violated Smith's constitutional rights is by failing to act on or denying one or more grievances filed by Smith in connection with the deprivations of Smith's constitutional rights by Minson, McDonald, Hall, and Gale claimed in this case. There is, of course, a constitutional right to address complaints to state officials. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). However, the right to petition for redress of grievances "does not require that a government official

respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Also, "a citizen's right to petition the government does not guarantee . . . the right to compel government officials to . . . adopt a citizen's views." *Webb v. Randle*, Civil No. 10-470-GPM, 2011 WL 678815, at *4 (S.D. Ill. Feb. 16, 2011) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)) (brackets omitted). The United States Court of Appeals for the Seventh Circuit specifically has held that a denial of a prisoner's grievance, even if wrongful, is not a basis for a Section 1983 claim. "Only persons who cause or participate in the violations [of a prisoner's constitutional rights] are responsible [under Section 1983]. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (citations omitted). Thus, "[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *Id*. at 609-10. Here Smith is merely challenging the rejection of his administrative complaint or complaints about completed acts of alleged misconduct by guards at Pinckneyville. Therefore, Smith's claims against Schwartz, Davis, Kisro, and Deen will be dismissed.

The Court turns next to Smith's claim that he was subjected to unsanitary conditions of confinement, in violation of the Eighth Amendment. In general, unsanitary conditions of confinement rise to the level of a constitutional violation only where such conditions deprive a prisoner of the "minimal civilized measure of life's necessities." *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). However, conditions that create "temporary inconveniences and discomforts" or that make "confinement in such quarters unpleasant" are insufficient to state an Eighth Amendment claim. *Adams v. Pate*, 445

F.2d 105, 108, 109 (7th Cir. 1971). Typically, periods of confinement under unsanitary conditions of many months' duration have been found to violate the Eighth Amendment. *See, e.g., Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999) (allegations that prison officials provided a prisoner with one bar of soap, a sample size tube of toothpaste, and no means to launder clothes for eight months stated a claim under the Eighth Amendment); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (a prisoner's allegations that for sixteen months his cell was infested with cockroaches and other vermin stated an Eighth Amendment claim). By contrast, unsanitary conditions of confinement of only a few days' or weeks' duration have been held not to rise to the level of an Eighth Amendment violation. *See, e.g., Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988) (allegations that a prisoner was kept in a filthy, roach-infested cell without toilet paper for five days and without soap, toothpaste, or a toothbrush for ten days did not "reach unconstitutional proportions"); *Lee v. Washington*, No. 97 C 4710, 1999 WL 759609, at **6-7 (N.D. Ill. Aug. 31, 1999) (a prisoner's claim that he was denied personal hygiene items such as soap, toothpaste, and deodorant for two weeks did not rise to level of constitutional violation); *Martin v. Lane*, 766 F. Supp. 641, 648 (N.D. Ill. 1991) (deprivation of laundry services and hygienic supplies for between three and eighteen days did not constitute a violation of a prisoner's Eighth Amendment rights). Here Smith alleges that he was deprived of showers, cleaning supplies, and laundry service for thirty-two days. The Court finds that the alleged deprivation does not rise to the level of an Eighth Amendment violation.[1]

---

1.    With respect to Smith's allegations of sleep deprivation, excessive noise on a nightly basis that interrupts or prevents sleep is a constitutional violation if it poses a serious risk of injury to a prisoner. *See Antonelli*, 81 F.3d at 1433 (a prisoner's allegations of loud noise that "occurred every night, often all night" for many months stated a claim for an Eighth Amendment violation). By contrast, "periodic loud noises that merely annoy, rather than injure the prisoner" do not meet the

The Court turns next to Smith's claim for denial of medical care. "[D]eliberate indifference to serious medical needs of prisoners" on the part of prison officials "constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). A prisoner raising an Eighth Amendment claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The second requirement demands that the prisoner satisfy a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety[.]" *Id*. (quoting *Wilson*, 501 U.S. at 297). "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000)) (internal citation omitted). Deliberate indifference for Eighth Amendment purposes is "something approaching a total unconcern for [a prisoner's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm[.]" *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted). This total disregard for a prisoner's safety is "the functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347

---

constitutional standard. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) (subjecting prisoners to loud noises for a few hours over a three-day period did not violate the Eighth Amendment). Here Smith alleges that over a twenty-six day period Haul and Gale subjected him to loud noise that interrupted his sleep when they conducted prisoner counts. This behavior amounts to mere annoyance, not an Eighth Amendment violation.

(7th Cir. 1991). Under this standard, "conduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation and brackets omitted). *See also Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)) (deliberate indifference "is more than negligence and approaches intentional wrongdoing" and "is 'essentially a criminal recklessness standard, that is, ignoring a known risk.'"). Smith's allegations that he suffered chronic itching, athlete's foot, chafing, peeling skin, and a painful, infected rash on his buttocks due to an inability to shower and clean his cell while Pinckneyville was locked down do not show a serious medical condition. *See Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (eczema is not a "serious medical need" on which to base a claim of deliberate medical indifference); *Tasby v. Cain*, 86 Fed. Appx. 745, 746 (5th Cir. 2004) (quoting *Farmer*, 511 U.S. at 847) (a prisoner's claim that he developed a rash from being placed in restraints "does not establish that he suffered 'serious harm.'"); *Gonzalez-Reyna v. Ellis*, No. 1:09cv522 (AJT/TCB), 2009 WL 2421482, at *3 (E.D. Va. July 27, 2009) ("[I]t is doubtful that a skin rash, even one which causes pain and itching, is a sufficiently serious medical need to support an Eighth Amendment violation."); *Samuels v. Jackson*, No. 97 Civ. 2420(MBM), 1999 WL 92617, at *1, *3 (S.D.N.Y. Feb. 22, 1999) (a prisoner's "papules, vesicles, pustules, burrows, and intense itching resulting in eczema" was not a "serious medical need" for purposes of the Eighth Amendment) (brackets omitted). Thus, Smith's claim for deliberate indifference to his medical needs will be dismissed.

The Court turns finally to Smith's claim that he was retaliated against by Haul and Gale for filing a grievance. In general, a prisoner has a right under the First Amendment to challenge the conditions of his or her confinement by, for example, filing grievances and lawsuits, and it is unlawful for prison officials to retaliate against a prisoner for exercising this right. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir.2000); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). To show unlawful retaliation, a plaintiff must prove three elements: first, that he or she engaged in constitutionally protected conduct, e.g., filing grievances or lawsuits challenging the conditions of the plaintiff's confinement in prison; second, that but for the protected conduct a defendant would not have taken an adverse action against the plaintiff; and third, that the plaintiff suffered a deprivation because of the defendant's action. *See Antoine v. Walker*, Civil No. 07-453-GPM, 2011 WL 828935, at *2 (S.D. Ill. Mar. 3, 2011) (citing *Gunville v. Walker*, 583 F.3d 979, 983-84 & n.1 (7th Cir. 2009)). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The usual test of actionable retaliation is whether the retaliatory conduct alleged would "deter a person of ordinary firmness" from the exercise of his or her First Amendment rights. *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). Here, of course, it is questionable whether Smith actually was deterred from the exercise of his First Amendment rights, in light of this lawsuit, but, as framed, the test of actionable retaliation is an objective one, that is, whether a reasonably firm person would be chilled in the exercise of constitutional rights by allegedly retaliatory behavior, not whether a specific prisoner would be. On the pleadings Smith has stated a claim for actionable retaliation against Haul and Gale, and he will be allowed to proceed on his retaliation claim against them.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Smith's complaint fails to state a claim upon which relief may be granted as to Schwartz, Davis, Kisro, Deen, Minson, and McDonald, and they, together with Smith's Eighth Amendment claims, are **DISMISSED with prejudice** from this action. Smith may proceed on his First Amendment retaliation claim against Haul and Gale. Accordingly, it is hereby **ORDERED** as follows:

1.    The Clerk of Court shall prepare for Defendants **HAUL** and **GALE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within thirty (30) days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

2.    It is **further ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court's file or disclosed by the Clerk.

3.    It is **further ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate

stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

4.      Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

5.      Pursuant to SDIL-LR 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

6.      Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

7.      Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

        **IT IS SO ORDERED.**

        DATED:  May 26, 2011


                                        /s/ G. Patrick Murphy
                                        G. PATRICK MURPHY
                                        United States District Judge