IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM SMITH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:10-cv-721-GPM-DGW |
| | ) |
| OFFICER GALE and OFFICER HULL, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Now pending before the Court is a Motion to Stay Discovery filed by Defendants Gale and Hull on November 21, 2011 (Doc. 36). For the reasons set forth below, this motion is **GRANTED**.

Plaintiff William Smith, an inmate in the Illinois Department of Corrections, filed this action pursuant to 42 U.S.C. § 1983, claiming that certain Department of Corrections officials violated his constitutional rights. In answering the complaint, Defendants Gale and Hull raised the affirmative defense that that Smith did not properly exhaust administrative remedies prior to filing suit, in violation of 42 U.S.C. § 1997e(a). The Seventh Circuit holds that discovery on the merits should not begin until the question whether a plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Defendants contend that Plaintiff has propounded upon them discovery requests seeking information unrelated to the issue of exhaustion. Under the dictates of *Pavey*, this discovery is improper. Accordingly, the Motion to Stay Discovery is **GRANTED**.

Defendants Gale and Hull have filed a Motion for Summary Judgment on the issue of

exhaustion (Doc. 34). The Court will hold a hearing on the question of exhaustion of administrative remedies on February 2, 2012. After that issue is resolved, discovery on the merits may begin. Until that time, Defendants are not required to respond to discovery requests seeking information on the merits of the case. Neither Plaintiff nor Defendants should seek such discovery until directed to do so by the Court.

**IT IS SO ORDERED.**

**DATED: November 22, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**