# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM SMITH, IDOC # K55219,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-721-GPM** |
| | ) | |
| **GREG SCHWARTZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for reconsideration brought by Plaintiff William Smith (Doc. 56). Smith, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Pinckneyville Correctional Center ("Pinckneyville"), brings this action pro se pursuant to 42 U.S.C. § 1983. On April 12, 2012, after conducting a hearing on February 2, 2012, pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), United States Magistrate Judge Donald G. Wilkerson entered a Report and Recommendation in this case. In the Report and Recommendation, Magistrate Judge Wilkerson recommended that summary judgment be entered against Smith on his First Amendment retaliation claim against the last two Defendants remaining in the case, Bruce Gale and Ronald Hull, who are guards at Pinckneyville, by reason of Smith's failure to exhaust his administrative remedies before bringing suit against Gale and Hull, as is required under 42 U.S.C. § 1997e(a). On April 30, 2012, the Court adopted Magistrate Judge Wilkerson's Report and Recommendation, granting summary judgment in favor Gale and Hull on the issue of exhaustion of administrative remedies and

dismissing this case. Judgment was entered the same day. On May 3, 2012, Smith filed the instant

motion for reconsideration of the Court's order dismissing this case. The same day, Smith filed a

notice of appeal from the Court's judgment.

Though Smith's motion is labeled a motion for reconsideration, because the motion was filed

within twenty-eight days of entry of the judgment in this case and appears to assert a manifest error

of law or fact by the Court in dismissing this case, the Court construes Smith's motion as a motion

to alter or amend a judgment brought pursuant to Rule 59 of the Federal Rules of Civil Procedure.

*See* Fed. R. Civ. P. 59(e); *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) (citing

*Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)) (generally a post-judgment motion is

deemed to be brought pursuant to Rule 59(e) if it encompasses reconsideration of matters decided

on the merits, such as a manifest error of law or fact). A motion to alter or amend a judgment

brought under Rule 59(e) serves a narrow purpose, namely, to alert a court to matters such as newly

discovered evidence or manifest errors of law or fact. *See LB Credit Corp. v. Resolution Trust

Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting *FDIC v. Meyer*, 781 F.2d 1260, 1268

(7th Cir. 1986)) ("[A] Rule 59(e) motion 'must clearly establish either a manifest error of law or fact

or must present newly discovered evidence.'"); *Publishers Res., Inc. v. Walker-Davis Publ'ns,

Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration [under Rule 59(e)] serve a

limited function: to correct manifest errors of law or fact or to present newly discovered evidence.")

(quotation omitted). "A manifest error [of law or fact] is not demonstrated by the disappointment

of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling

precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quotation omitted).

*Accord Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993) (in determining

whether to grant Rule 59(e) relief, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."). As the United States Court of Appeals for the Seventh Circuit has recognized, true manifest errors of law or fact, in which "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension" are "rare[ ] . . . and the [Rule 59(e)] motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted). Rule 59(e) motions are not vehicles to introduce new evidence or to advance arguments that could or should have been presented to a district court prior to the entry of judgment. *See County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 850 (7th Cir. 1999). Finally, the decision to grant or deny a Rule 59(e) motion to alter or amend a judgment "is entrusted to the sound judgment of the district of the district court[.]" *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). With the foregoing standard in mind, the Court turns to consideration of Smith's Rule 59(e) motion to alter or amend the Court's April 30 judgment in this case.[1]

---

1. This perhaps is the place to note that, ordinarily, of course, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). However, if a party files a timely motion to alter or amend a judgment under Rule 59(e), the time to appeal runs from the entry of an order disposing of the Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Said differently, where, as here, a timely Rule 59(e) motion has been filed, "[a] notice of appeal filed before [a Rule 59(e)] motion[ ] ha[s] been decided is premature and ineffective, but it matures and becomes effective to appeal the underlying judgment once the order deciding the motion[ ] is entered." *Clark v. Nelson*, No. 93-3391-SAC, 1996 WL 699691, at *1 (D. Kan. Oct. 30, 1996). *See also Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (a timely Rule 59(e) motion tolls the running of the thirty-day appeal period and requires a new notice of appeal following entry of an order disposing of the motion).

The basis for Smith's retaliation claim against Gale and Hull is that, during a lockdown at Pinckneyville from December 5, 2009, until January 13, 2010, Gale and Hull refused to give Smith grievance forms in retaliation for a grievance that Smith had filed on December 18, 2009, against two other guards at Pinckneyville, McDonald and E. Minson. In response to the summary judgment motion on exhaustion of administrative remedies brought by Gale and Hull, Smith submitted to Magistrate Judge Wilkerson affidavits from Smith and two other prisoners at Pinckneyville, Bryant Adams and Robert Clark. Smith, Adams, and Clark attested that, during the lockdown, they were repeatedly denied grievance forms by Gale and Hull and that a correctional counselor never visited their tier at Pinckneyville, so that they could not obtain grievance forms from a correctional counselor. Magistrate Judge Wilkerson obviously credited over the affidavits of Smith, Adams, and Clark the testimony at the *Pavey* hearing in this case of Theresa Kisro, Smith's correctional counselor at the time of the lockdown. Kisro testified that she was required by IDOC regulations to make face-to-face contact with Pinckneyville inmates every sixty days and that, during lockdowns at Pinckneyville, she visited the tiers at the prison every day. Kisro testified that, according to her records, grievance forms were sent to Smith on December 16, 2009, and that on December 21, 2009, she received a grievance from Smith regarding an alleged denial of showers and clean laundry during the lockdown at Pinckneyville; Kisro testified that she responded to the grievance and returned it to Smith the next day, December 22, 2009. Finally, Kisro testified that she saw Smith at his cell on December 28, 2009, but that Smith did not request grievance forms, only a copy of his prison trust fund account statement, which Kisro gave him. Smith contends that Magistrate Judge Wilkerson erred in making a credibility determination in ruling on a summary judgment motion, consistent with the familiar rule that, on summary judgment, credibility determinations and weighing of evidence

are tasks for a jury.  *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011); *Morfin v. City of E. Chicago*, 349 F.3d 989, 999 (7th Cir. 2003).

As already was noted in the Court's order adopting Magistrate Judge Wilkerson's Report and Recommendation, a federal district judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to the district judge proposed findings of fact and recommendations for the disposition of a motion for summary judgment.  *See* 28 U.S.C. § 636(b)(1)(A)-B.  In the Seventh Circuit, issues of fact related to a prisoner's exhaustion of administrative remedies are to be decided in a preliminary hearing without a jury.  In *Pavey*, the Seventh Circuit Court of Appeals explained that "not every factual issue that arises in the course of a litigation is triable to a jury as a matter of right, even if it is a suit at law (rather than in equity) within the meaning of the Seventh Amendment."  544 F.3d at 741.  The *Pavey* court went on to say,

> [J]uries do not decide what forum a dispute is to be resolved in.  Juries decide cases, not issues of judicial traffic control.  Until the issue of exhaustion is resolved, the court cannot know whether it is to decide the case or the prison authorities are to.  In this case, should the defendants' contention that the prisoner inexcusably failed to file a timely grievance be sustained, he would no longer have any administrative remedies.  But in many cases the only consequence of a failure to exhaust is that the prisoner must go back to the bottom rung of the administrative ladder; and in such a case one could envision a series of jury trials before there was a trial on the merits: a jury trial to decide exhaustion, a verdict finding that the prisoner had failed to exhaust, an administrative proceeding, the resumption of the litigation, and another jury trial on failure to exhaust.

*Id*.  The *Pavey* court observed that the upshot of all of this was that, absent a preliminary determination about exhaustion by a judge, "[a] jury might decide the merits of a case that should never have gotten to the merits stage because the judge should have found that the prisoner had failed to exhaust his administrative remedies."  *Id*. at 742.  Accordingly, in *Pavey*, the

Seventh Circuit Court of Appeals outlined "[t]he sequence to be followed in a case in which exhaustion is contested . . . as follows":

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits[.]

*Id*. Thereupon, the *Pavey* court remanded the case to the trial court so that the case could be referred to a federal magistrate judge to conduct a hearing to resolve all genuine issues of fact related to exhaustion of administrative remedies and then prepare a report and recommendation on exhaustion. *See Pavey v. Conley*, Cause No. 3:03-CV-662 RM, 2010 WL 4683609, at *1 (N.D. Ind. Nov. 12, 2010).

What all of this means, then, is that Magistrate Judge Wilkerson properly performed his duty under *Pavey* by conducting a hearing on the issue of whether Smith exhausted his administrative remedies with respect to his retaliation claim against Gale and Hull and by resolving disputes of fact and making credibility determinations concerning exhaustion. In *Pavey*, the Seventh Circuit Court of Appeals determined that it is the province of the judge – not a jury – to determine whether a prisoner has complied with the exhaustion requirement set out in 42 U.S.C. § 199e(a). At a *Pavey* hearing, a judge is empowered to resolve factual disputes pertaining to exhaustion and to make credibility determinations about the witnesses. *See Towns v. Holton*, 346 Fed. Appx. 97, 100

(7th Cir. 2009) (noting that credibility findings based on demeanor made at a *Pavey* hearing typically are owed "great deference" by a reviewing court, and remanding a case to the district court when the court merely accepted the defendants' exhaustion arguments without making a credibility finding about a prisoner's testimony); *Hopes v. Mash*, No. 08-cv-713-DRH, 2010 WL 3490991, at *5 (S.D. Ill. Aug. 31, 2010) ("*Pavey* itself provides the authority for resolution of factual disputes by a court regarding the issue of administrative exhaustion, if a hearing on the matter is conducted, where the Court has the opportunity to hear witness testimony and consider submitted evidence, in order to make such credibility determinations."); *Ellis v. United States*, No. 08-cv-0628-DRH, 2010 WL 583913, at *6 (S.D. Ill. Feb. 17, 2010) (stating that "credibility determinations are not prohibited" at a *Pavey* hearing); *Nichols v. Walker*, No. 08-cv-0388-DRH, 2010 WL 55676, at *8 (S.D. Ill. Jan. 5, 2010) (finding that a prisoner's testimony about exhaustion lacked credibility when he changed his story about his lack of knowledge about the grievance process); *Davis v. Francis*, No. 07-cv-0693-MJR, 2009 WL 4894593, at **1-3 (S.D. Ill. Dec. 11, 2009) (the court recommitted a matter back to a magistrate judge to make an explicit credibility determination about a prisoner's testimony regarding his efforts to exhaust administrative remedies). Smith has failed to show any manifest error of law or fact in this case such as to warrant setting aside the Court's judgment pursuant to Rule 59(e).[2]

---

2.    It should be pointed out also that, as the Court discussed in its order dismissing this case, the issue of whether or not Smith was able to see a correctional counselor or to obtain grievance forms during the lockdown at Pinckneyville is largely irrelevant. The lockdown ended January 13, 2010, and records produced by Kisro at the *Pavey* hearing in this case showed that Smith was able to file a grievance on January 21, 2010. In fact, given that the alleged retaliation against Smith by Gale and Hull likely commenced on or about December 18, 2009, when, as noted, Smith filed a grievance against McDonald and Minson, Smith had until approximately February 18, 2010, to file a grievance against Gale and Hull for their allegedly retaliatory behavior. *See* Ill. Admin. Code tit. 20, § 504.810(a).

To conclude, Smith's motion to alter or amend the judgment in this case (Doc. 56) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  May 7, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge